FILED

2009 Nov-10  AM 08:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANK KRUSE** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV-09-J-0283-S** |
| | ) | |
| **CITY OF BIRMINGHAM, a** | ) | |
| **municipal corporation,** | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Come now** the Defendant, City of Birmingham ("City"), a municipal corporation under the laws of the State of Alabama, by and through its attorneys of record, in the above-styled cause, and move this Honorable Court to grant summary judgment in their favor as to all claims in plaintiff's complaint, and as grounds therefore, say as follows:

1.    The complaint fails to state a claim against the defendant upon which relief may be granted.

2.    There is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law.

3.    The plaintiff failed to allege, against the defendant, violations of clearly

1

established constitutional and federal statutory rights.  The plaintiff's allegations do not give rise to violations of any rights under the U.S. Constitution.

4.    The Plaintiff cannot present substantial evidence that the City of Birmingham had a policy, custom or practice which resulted in a violation of the Plaintiff's constitutional rights.

5.    The Defendant did not deprive the plaintiff of any constitutional or federally-protected right.

6.    The Defendant, City, asserts a <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978) defense.  The defendant asserts a <u>Harlow v. Fitzgerald</u>, 102 S.Ct. 2727 (1982); <u>Mitchell v. Forsyth</u>, 105 S. Ct. 2806 (1985); <u>Nolin v. Isbell</u>, 207 F.3d 1253 (11th Cir. 2000); <u>Post v. City of Fort Lauderdale</u>, 7 F.3d 1552 (11th Cir.1993); <u>Rich v. Dollar</u>, 841 F.2d 1558 *(1988)* defense. The Defendant states the plaintiff's Complaint fails to state a claim against this defendant upon which relief may be granted under 42 U.S.C. §42 U.S.C. 1983.

7.    Municipal liability is governed by the <u>Code of Alabama</u>, 1975, §11-47-190, which states:  "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such

2

injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty..." The limitations discussed in §11-47-190, specifically limit the vicarious liability of Alabama municipalities to negligence-based claims only.

8.      The Defendant denies it can be liable for punitive damages for federal and state claims.  §6-11-26, Code of Alabama, 1975 , City of Newport News v. Facts Concerts, 453 U.S. 247, 101 S. Ct. 2748 (1981).

9.      Defendant relies upon the pleadings, their Memorandum Brief, and exhibits in support of this Motion.

Respectfully submitted,

/s/Fredric L. Fullerton, II
Fredric L. Fullerton, II
Assistant City Attorney

/s/John M. Edens
John M. Edens
Assistant City Attorney

**City Hall**
**Law Department**
710 N 20th Street, Room 600
Birmingham, Alabama 35203
(205) 254-2369/(205) 254-2302 (Fax)

Attorneys for Defendant
City of Birmingham

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10th, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard Rosenthal, Esq.
200 Title Building
300 North Richard Arrington, Jr. Blvd
Birmingham, AL. 35203

F. Page Gamble, Esq.
300 Vestavia Parkway
Suite 2300
Birmingham, AL. 35216

*/s/Fredric L. Fullerton, II*
Fredric L. Fullerton, II
