

FILED
2009 Nov-10  AM 08:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANK KRUSE** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV-09-J-0283-S** |
| | ) | |
| **CITY OF BIRMINGHAM, a** | ) | |
| **municipal corporation,** | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Fredric L. Fullerton, II
Assistant City Attorney

John M. Edens
Assistant City Attorney

**City Hall**
**Law Department**
710 N 20th Street, Room 600
Birmingham, Alabama 35203
(205) 254-2369/(205) 254-2302 (Fax)

Attorneys for Defendant
City of Birmingham

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ....................................................... .1

STATEMENT OF THE CASE...............................................2

SUMMARY JUDGMENT STANDARD.................................4

ANALYSIS OF PLAINTIFF'S CLAIMS AND ARGUMENT..............................7

CONCLUSION .................................................................22

CERTIFICATE OF SERVICE ..............................................23

## STATEMENT OF THE CASE

1.    This lawsuit was brought by the Plaintiff Frank Kruse, hereinafter ("Kruse" or "Plaintiff"), as a challenge to a legislative decision by the Birmingham City Council (the "City Council") in the creation of the Ticket Amnesty Program. (*Complaint*).

2.    The Defendant is the City of Birmingham, a municipal corporation under the laws of the State of Alabama. ("City").  (*Complaint*).

3.    On or about April 22nd, 2008, the Birmingham City Council approved a resolution granting amnesty to all individuals in the month of July 2008 for unpaid parking and traffic ticket violations.  The Amnesty allowed citizens with unpaid tickets to pay them without any additional late charges, fines or the threat of summons or arrest from July 1st, 2008 to July 30th, 2008.1  (*Exh. 1*)

4.    On or about August 5th, 2008, the Birmingham City Council approved a resolution which extended the amnesty period for another month to August 30th, 2008. (*Exh. 2*).

5.     On or about April 28th, 2008, Kruse received a letter notifying him of cases that were currently pending against him in the City of Birmingham (Case No.347640) stating that he owed an amount of $1,030.00 for parking fines to the

---

1 The City has never instituted an amnesty program before.

City of Birmingham. (*Complaint*, *Exh. 5, p.8-9 –attached Exh. 1*).

6.     On or about July 16th, 2008, the City issued and sent to the Plaintiff an "Insufficient Payment Warrant Notice." The notice was issued to the Plaintiff for ticket number TE2027942 for a meter violation on June 9th, 2004. The due date on the notice was August 6th, 2008. (*Complaint, Exh. 5 –attached Exh. 8*)

7.     The Plaintiff learned of the City of Birmingham's Amnesty Program through the media and decided to pay the amounts. (*Complaint, Exh. 5, p. 9-10).*

8.     The parking ticket violations that Kruse paid were from parking illegally in the City. The vehicle was registered in Kruse's name. (*Exh.5, p. 12-13).*

*9.*     On or about August 29th, 2008, and within the stated Amnesty Period, Kruse visited the Municipal Court of the City of Birmingham and paid the total amount of fines he owed. Kruse did not have to pay any additional late charges or fines. (*Complaint, Exh. 5, p.11-12, 24-25*).

10.     Kruse never challenged or contested the parking violations. Kruse waived all legal defenses and arguments. (*Exh. 5, p. 17-19*).

11.     On January 23rd, 2009, the Plaintiff filed this lawsuit in Circuit Court of Jefferson County, Alabama. *(Document 1).*

12.     On February 13th, 2009, the Defendant removed the case to federal court. *(Document 1).*

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56 (c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56 (c). The party asking for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317,323 (1986) quoting Fed. R. Civ. P. 56 (c). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U. S. at 322-23. There is no requirement, however, that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. Id. at 323.

Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that

4

there is a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 324 (quoting Fed. R. Civ. P.

56(e)).  The nonmoving party need not present evidence in a form necessary for

admission at trial; however, he may not merely rest on his pleadings.  Id at 324.  [T]he

plain language of Rule 56(c) mandates the entry of summary judgment, after adequate

time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial. Id. at 322.

After the plaintiff has properly responded to a proper motion for summary

judgment, the court must grant the motion if there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The substantive law will identify which facts are material and which are irrelevant.

See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A dispute is genuine

if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party. Id. at 248. [T]he judge's function is not himself to weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue for

trial. Id. at 249.  His guide is the same standard necessary to direct a verdict: Whether

the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law.  Id. at 251-52;

see also <u>Bill Johnson's Restaurants, Inc. v. NLRB</u>, 461 U.S. 731, 746 n. 11(1983)

5

(indicating the standard for summary judgment is [s]ubstantively ... very close to that for motions for directed verdict). However, the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50 (citations omitted); accord Spence v. Zimmerman, 873 F. 2D 256 (11th Cir. 1989).

Furthermore, the court must view the evidence presented through the prism of the substantive evidentiary burden, so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F. 2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, [t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. Brown v. Clewiston, 848 F. 2d 1534, 1540 n. 12 (11th Cir. 1988).

## ANALYSIS OF PLAINTIFF'S CLAIMS AND ARGUMENT

The Plaintiff attempts to collaterally attack his prosecution and conviction for parking violations in Birmingham Municipal Court by challenging the Amnesty Program of the City.   Plaintiff's claims against the City are brought pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. Section §1983 and three (3) state claims.  The basis for the Federal Constitutional and state claims against the City is:

> **Count One, Unjust enrichment**, "23. As a result of the policies and practices of the defendant, defendant has been unjustly enriched to the detriment of Plaintiff and others similarly situated." (*Complaint, p. 6*)

> **Count Two, Money Had and Received**, "25. As a result of the policies and practices of the defendant, the Plaintiff and other members similarly situated have been deprived of property and money." (*Complaint, p. 6, 7*)

> **Count Three, Violations of 42 U.S.C. §1983**, "27. This claim is brought pursuant to 42 U.S.C. §1983 which prohibits the deprivation of citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States."

> "28. The actions taken by Defendant in coercing collection of fines in excess of one year, with the threat of additional penalties, warrant and arrest, when such action was time barred under Ala. Code §15-3-2 (1975), has violated, and continues to violate, the rights, under the Constitution, of Plaintiff and all others similarly situated." (*Complaint, p. 7*)

> **Count Four, Declaratory and Injunctive Relief**, "29. This claim is brought pursuant to Ala. Code §15-3-2 (1975), 42 U.S.C. §1983, and Rule 57 of the Alabama Rules of Civil Procedure.  (*Complaint, p. 8*)

As set forth more fully below, the Plaintiff has not met the burden required of him to prove the allegations.  Accordingly, summary judgment is due to be entered against Plaintiff.

## I.  FEDERAL CONSTITUTIONAL CLAIMS

### A.    Municipal Liability for §1983 Claims

An analysis of Kruse's §1983 claim against the City must begin with the proposition that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978) ("[A]municipality cannot be held liable under §1983 on a *respondeat superior* theory."). Thus, in order to survive summary judgment, Kruse's complaint must, at the very least, "identify a municipal policy or custom that caused his injury." Gold v. City of Miami,151 F.3d 1346, 1350 (11th Cir. 1998). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he . . . could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). A custom is a settled, permanent practice that takes on the force of law. *See* Monell, 436 U.S. at691.

A local government may be sued under §1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose

edicts or acts  may fairly be said to represent official policy, inflicts the injury." <u>Monell</u>

<u>v. Dep't of Social Services</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d

611 (1978).  In order to rise to the level of a custom, a practice must be "longstanding

and widespread." <u>Brown v. City of Fort Lauderdale</u>, 923 F.2d 1474, 1481 (11th Cir.

1991).

When the municipality has moved for summary judgment on the basis that the

City had no unconstitutional custom or policy, the plaintiff must allege a "series of

incidents of unconstitutional conduct suggesting " the existence of a widespread

practice that . . . constitutes] a "custom or usage" with the force of law.' <u>City of St.</u>

<u>Louis v. Praprotnik</u>, 485 U.S. 112, 108 S. Ct. 915, 926 (1988).

A policy is not "limited to decisions made by the city's official legislative body."

<u>Brown</u>, at 1480.  Rather, "a municipal official who has 'final policymaking authority'

in a certain area of the city's business may by his or her action subject the government

to §1983 liability when the challenged action falls within that authority."  State law

governs whether an official has final policymaking authority.  The court must

"examine not only the relevant positive law, including ordinances, rules and

regulations, but also the relevant customs and practices having the force of law."

<u>Mandel v. Doe</u>, 888 F.2d 783, 793 (11th Cir. 1989); <u>Courson v McMillian</u>, 939 F.2d

1479, 1494 (11th Cir. 1991).

The Supreme Court set forth a three-part test for determining when the acts of a municipal officer subjects a municipality to liability under Section §1983:

(1) the municipality officially sanctioned or ordered the act;

(2) the actor was a municipal officer with final policy authority; or

(3) the action was taken pursuant to a policy adopted by officials responsible under state law for making policy in that area.  Pembaur v. Cincinnati, 475 U.S. 469, 480-483; (106 S. Ct. 1292 (1986).   If none of these theories is satisfied, the municipality may not be held liable pursuant to Section §1983.

In this matter, the issue is whether the City's Amnesty program violates the constitutional rights of the Plaintiff.   From the Complaint, the Plaintiff apparently alleges three (3) issues with the City's Amnesty Program.  First, when did the prosecution of the parking violation begin against him or  can it commence outside the 12-month limitation imposed by Code of Alabama, §15-3-2 (1975)? Second, if an individual fails to pay the parking violation can enforcement, civil and criminal, take place for his or her arrest for failure to pay such?   Third, if an individual fails to appear in Court for a traffic violation, can the City issue the additional charge(s) of Failure to Appear outside of the 12-month limitation imposed by Code of Alabama, §15-3-2 (1975)?  Below, the Defendant will respond to each issue.

## Commencement of Prosecution for Parking Violation

Code of Alabama, § 15-3-2. Misdemeanors states:

"Unless otherwise provided, the prosecution of all misdemeanors before a circuit or district court must be commenced within 12 months after the commission of the offense."

First, it should be noted, that the Plaintiff categorizes the non-payment of the parking and traffic tickets violations as misdemeanor offenses. (*Paragraph 10, Complaint*). The Plaintiff is incorrect. Most parking violations are not misdemeanors. A violation is an offense for which a sentence to a term of imprisonment not in excess of 30 days may be imposed. A misdemeanor is an offense for which a sentence to a term of imprisonment not in excess of one year may be imposed. The City has adopted the Code of Alabama definitions concerning misdemeanors and violations. The General City Code, Sec. 11-1-1, State misdemeanors and violations states:

"It shall be unlawful for any person to violate within the city or within the police jurisdiction thereof, any law of the state, now or hereafter enacted, the violation of which is a misdemeanor or violation under the state law."

Also a parking violation is not punishable by $500.00 fine and/or 180 days in jail or in excess of one year. A parking violation is the lowest in the class of criminal offenses. The twelve (12) month limitation in Code of Alabama, § 15-3-2 would not apply. Thus, the Plaintiff's claim of a constitutional violation based on Code of

<u>Alabama</u>, § 15-3-2 is not viable.

Second, Alabama case law holds that the issuance of a Uniform Traffic Ticket <u>tolls</u> the statute of limitations for the purpose of commencement of prosecution of misdemeanors pursuant to this section. <u>Hastings v. State</u>, 589 So.2d 795 (Ala.Crim.App.1991). In <u>Hastings</u>, the Alabama Court of Civil Appeals stated:

> "The issuance of a valid U.T.T.C. tolls the statute of limitations for the purpose of commencement of prosecution of misdemeanors pursuant to § 15-3-2, <u>Code of Alabama</u> 1975. <u>Beals v. State</u>, 533 So.2d 717 (Ala.Cr.App.1988). An appeal to the circuit court is a continuation of the prosecution that was commenced in the district court. <u>Scott v. State</u>, 45 Ala.App. 149, 227 So.2d 436, cert. denied, 284 Ala. 733, 227 So.2d 438 (1969). There is no additional requirement that the district attorney file his complaint with the circuit court within one year of the appellant's arrest."

*See also* <u>Dutton v. State</u>, 807 So.2d 596, Ala. Crim. App., 2001. Likewise, a non-UTTC also tolls the statute. In this case, the prosecution of the parking violation against the Plaintiff began with the issuance of parking ticket by placing it on the vehicle. Kruse has failed to prove this is a constitutional violation.

## **Enforcement Authority**

The City has both civil and criminal remedies in the enforcement of individuals that fail to appear and pay for parking violations. In regards to civil remedies, the Supreme Court of Alabama has held that a municipality is entitled to contract with a private firm to collect fines for misdemeanor and traffic offense. <u>Wilkins v. Dan</u>

Haggerty & Associates, Inc., 672 So.2d 507 (Ala. 1995).  Haggerty stated:

> "Section 12-14-2(a), Ala.Code 1975, mandates that "municipalit[ies] shall provide appropriate facilities and necessary supportive personnel for [their] municipal court[s]." Cities fulfill this mandate to support their municipal courts in part through exacting and collecting fines for misdemeanor and traffic offenses. Section 11-40-1 expressly grants to cities the power to enter into contracts in furtherance of their governmental functions. The power to contract with a private firm to aid in the collection of delinquent municipal court fines can and must be "necessarily implied" from the power granted to cities and the obligation imposed on cities in § 12-14-2(a) to adequately support their municipal courts. The trial court, therefore, correctly denied the plaintiff class a partial summary judgment, refusing to hold the contract illegal. Wilkins v. Dan Haggerty & Associates, Inc. 672 So.2d 507, 509 - 510 (Ala.,1995)"

Code of Alabama, § 12-14-2 states:

> "(a) The municipality shall provide appropriate facilities and necessary supportive personnel for the municipal court and may provide for probation services, clerks and municipal employees designated as magistrates.
>
> (b) Municipalities shall furnish prosecutorial services in municipal courts and in appeals from such judgments and orders."

Further, Code of Alabama § 12-14-50 states

> "The municipal court may have under its supervision a municipal court administrative agency empowered to provide expeditious service in connection with administrative adjudication of ordinance violations, the handling of uniform traffic tickets and complaints, the issuance of arrest warrants and other powers provided by law.

> The personnel designated by the judge or judges of the municipal court for the accounting of uniform traffic tickets or complaints and magistrates shall be considered as officials of such administrative agency.
> Such officials shall be vested with judicial power reasonably incident to the accomplishment of the purposes and responsibilities of the administrative agency."

*See* Seltzer v. Figures, 2008 WL 4155669, (S. D. Ala. Sep 05, 2008).  All court fines in Alabama are declared to be civil judgments and can be enforced as such. Code of Alabama, §12-17-225.6. states:

> "In addition to the provisions of this division, all court costs, fines, victim compensation assessments, bail bond forfeitures, and restitution, and other court-ordered charges, including the collection fee of a court of competent jurisdiction in this state, shall be considered civil judgments which can be recorded and enforced in the manner provided by law."

Thus, from the Alabama case law and the interpretation of the Code of Alabama, a municipality may collect on delinquent, outstanding parking and misdemeanor fines such as the ones the Plaintiff had in this matter via civil collection methods.

In regards to criminal penalties, the Alabama Attorney General has opined that if a defendant fails to appear on a parking ticket, a municipal judge may issue a supplemental summons advising that the defendant will be subject to arrest for contempt for again failing to appear pursuant to Alabama Rules of Criminal Procedure 26.11.

If the defendant appears and a fine is imposed at the hearing, but the defendant fails to pay the fine, a municipal judge may issue a warrant for the arrest of the

defendant under Rule 26.11 of the <u>Alabama Rules of Criminal Procedure</u>. The municipal judge may reduce the fine to an amount the defendant is able to pay; order the defendant's employer to withhold payments from wages to pay fines; or, subject to the limitations of Rule 26.11(i), place the defendant in jail until the fine is paid or no longer than one day for each $15 of the fine.

As an alternative to Rule 26.11, a municipal judge may issue a warrant for the arrest of the defendant for contempt, and, if found in contempt, the defendant may be fined $50 and placed in jail for up to five days. *Attorney General Opinion 2007-103.* (Exhibit #3).   The City follows this Attorney General Opinion, the City's General City Code, Sec. 8-1-11 <u>Contempt</u>, states:

> "The municipal judges of the city shall have power to punish for contempts by a fine not exceeding fifty dollars ($50.00) or imprisonment not exceeding five (5) days, or both."

Kruse has failed to prove this is a constitutional violation.

## **Failure to Appear Issue**

Concerning the failure to appear charge, the City can issue a failure to appear charge when a defendant fails to appear before the Court aside of the 12-month limitation imposed by <u>Code of Alabama,</u> §15-3-2 (1975).  The failure to appear is considered a contempt of court and there is no statute of limitations.  Contempt of Court is not purged by the time limits of a statute.  Thus, from the Alabama case law

and the interpretation of the <u>Code of Alabama</u>, a municipality may issue a warrant for failure to appear on delinquent, outstanding, parking and misdemeanor fines, such as the ones the Plaintiff had in this matter, via civil collection methods.

Even with that, in this case, the Plaintiff suffered no harm or injury.    The Plaintiff knew that he received several delinquent and outstanding parking tickets. (Exh. 5, p. 12-13).  The Plaintiff does not deny or dispute that he owed the amount for the parking violations.  (Exh. 5, p. 14, 16-17). The Plaintiff stated that he believed that his daughter "had taken care" of them.  (Exh. 5, p. 14, 16-17). When the Plaintiff appeared in Birmingham Municipal Court he waived personnel jurisdiction and never challenged or contested the parking violations in Court.  (Exh. 5, p. 17-19).  Kruse waived all legal defenses and arguments regarding the City's enforcement and collection authority.  The City never issued a warrant and the Plaintiff was never arrested.  The Plaintiff could not identify any actions that violated his constitutional rights. (Exh. 5, p.26-27).  Kruse has failed to prove this is a constitutional violation.

Based on the above argument, the plaintiff has failed to allege and cannot prove a policy, custom or practice which violates his federal protected rights.  The Plaintiff has presented no evidence that the procedures or policies followed by the City of Birmingham caused a deprivation of his constitutional rights.  Plaintiff has not established any custom, practice or policy of the City of Birmingham amounting to

16

constitutional deprivations.  Kruse has failed to even identify a municipal policy or custom that caused him injury.  As to the Federal claim, summary judgment in favor of the City is appropriate as to Count 3.

## II.   STATE LAW CLAIMS

### A.   Code of Alabama §11-47-190

Municipal liability for state claims is governed by the Code of Alabama, 1975, §11-47-190, which states in part:

> "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured.  However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2 notwithstanding."

Section § 11-47-190  of the Alabama Code governs municipal liability and

17

limits *respondeat superior* liability of municipalities to state claims arising out of the "neglect, carelessness or unskillfulness of some agent, officer or employee of a municipality engaged in work therefor and while acting in the line of his or her duty."

   Alternatively, a City may be liable for injuries resulting from its failure to remedy conditions created or allowed to exist on the streets, alleys, public ways, etc., by a person or corporation not related in service to the municipality.  Ellison v. Town Brookside, 481 So. 2d 890 (Ala. 1985).  The categories created by § 11-47-190 limit liability of municipalities to these two distinct classes of negligent misconduct or omission. *If a complaint is not framed under one of the two theories contemplated by this section, it should be dismissed for failure to state a cause of action for which a recovery can be based.* (emphasis added)  Hillis v. City of Huntsville, 151 So.2d 240 (1963).

        As a result of  §11-47-190 , a municipality cannot be held liable for state law tort claims based upon any intentional, wanton, willful, malicious or reckless conduct of its agent(s).  Ex parte City of Tuskegee, 932 So. 2d 895, 910 (Ala. 2005) (stating that municipalities are immune from liability for agent's acts committed in bad faith or with malice); Hilliard v. City of Huntsville, 585 So. 2d 889, 892 (Ala. 1991) (wantonness claim barred). Further, a municipality cannot act with malice. Franklin v. City of Huntsville, 670 So. 2d 848, 850-52 (Ala. 1995); Neighbors v. City of

<u>Birmingham</u>, 384 So. 2d 113, 113-4 (Ala. 1980).

## <u>Unjust enrichment</u>

In order for a plaintiff to prevail on a state claim of unjust enrichment, the plaintiff must show that "'the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud." ' <u>Dickinson v. Cosmos Broad. Co.</u>, 782 So.2d 260, 266 (Ala.2000) (quoting <u>Hancock-Hazlett Gen. Constr. Co. v. Trane Co.</u>, 499 So.2d 1385, 1387 (Ala.1986)).... "The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." <u>Battles v. Atchison</u>, 545 So.2d 814, 815 (Ala.Civ.App.1989),  "One is unjustly enriched if his retention of a benefit would be unjust." ' <u>Welch v. Montgomery Eye Physicians, P.C.</u>, 891 So.2d 837, 843 (Ala.2004) (quoting <u>Jordan v. Mitchell</u>, 705 So.2d 453, 458 (Ala.Civ.App.1997)). The retention of a benefit is unjust if '(1) the donor of the benefit ... acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to

have been unjustly enriched." '"<u>Welch</u>, 891 So.2d at 843 (quoting <u>Jordan</u>, 705 So.2d at 458).

The Plaintiff has failed to prove that the monies collected by the City under its amnesty program were procured through fraud. The parking citations were lawfully issued against the Plaintiff as he was the owner of the vehicle. The City has proven that it has the enforcement and collection authority on parking violations. The Plaintiff pleaded guilty and did not deny or dispute that he was owed the amount for the parking violations. (Exh. 5, p. 14, 16-17). Kruse waived all legal defenses and arguments.

## Money had and received

An action for money had and received is founded upon the equitable principle that no one ought justly to enrich himself at the expense of another, and is maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain it because in justness and fairness it belongs to another. <u>Birmingham Broadcasting Co. v. Bell</u>, 259 Ala. 656, 68 So. 2d 314 (1953); Wash v. Hunt, 281 Ala. 368, 202 So. 2d 730 (1967); <u>Livingston v. Tapscott</u>, 585 So. 2d 839 (Ala. 1991); <u>Ashbee v. Cozart</u>, 611 So. 2d 1103 (Ala. Civ. App. 1992) Stated differently, a plaintiff has a restitution action for money had and received wherever the defendant holds money that in equity and good conscience belongs to the plaintiff or was improperly paid to the defendant because of mistake or

20

fraud.

As previously stated, the Plaintiff knew that he had several outstanding and delinquent parking tickets. (Exh. 5, p. 12-13). The Plaintiff pleaded guilty and did not deny or dispute that he was owed the amount for the parking violations. (Exh. 5, p. 14, 16-17). Kruse never challenged or contested the parking violations in Court. Kruse waived all legal defenses and arguments. Further, the Plaintiff received the benefit of the Amnesty as he did not have to pay additional late charges or fines. The Plaintiff has failed to prove either state claim. As to the State claims, Counts 1, 2 and 3, summary judgment in favor of the City is appropriate.

## C.    **Punitive Damages**

Punitive damages are clearly and unambiguously prohibited by §6-11-26, <u>Code of Alabama,</u> 1975. §6-11-26, <u>Code of Alabama,</u> 1975 states:

> "Punitive damages may not be awarded against the State of Alabama or any county <u>or municipality</u> thereof, or any agency thereof…"

> Further, the U.S. Supreme Court has consistently held that:

> "...considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials."
> <u>City of Newport v. Fact Concerts, Inc.,</u> 453 U.S. 247, 271 (1981). Punitive

damage claims are not viable against the defendant, City.

## <u>CONCLUSION</u>

Based on the undisputed facts, and considering them in the light most favorable to the plaintiff, the plaintiff has failed to allege and cannot prove a policy, custom or practice which violates any federal protected rights.  The Plaintiff has failed to prove state claims.  The defendant, City of Birmingham, is entitled to Summary Judgment as to all claims.

Respectfully submitted,

*/s/Fredric L. Fullerton, II*
Fredric L. Fullerton, II
Assistant City Attorney

*/s/John M. Edens*
John M. Edens
Assistant City Attorney

**City Hall**
**Law Department**
710 N 20th Street, Room 600
Birmingham, Alabama 35203
(205) 254-2369/(205) 254-2302 (Fax)

Attorneys for Defendant
City of Birmingham

## CERTIFICATE OF SERVICE

I hereby certify that on November 10th, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard Rosenthal, Esq.
200 Title Building
300 North Richard Arrington, Jr. Blvd
Birmingham, AL. 35203

F. Page Gamble, Esq.
300 Vestavia Parkway
Suite 2300
Birmingham, AL. 35216

*/s/Fredric L. Fullerton, II*
Of Counsel

## DEFENDANT'S EXHIBIT LIST

1.      City of Birmingham Ordinance Number 08-83.

2.      City of Birmingham Ordinance Number 08-176.

3.      Attorney General Opinion 2007-103.

4.      City of Birmingham's Responses to Plaintiff's Interrogatories.

5.      Deposition/Exhibits of Plaintiff Frank Kruse.