FILED

2009 Nov-30  PM 05:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FRANK KRUSE,

      PLAINTIFF,

v.                               CASE NO.: CV-09-J-283-S

CITY OF BIRMINGHAM,

      DEFENDANT.

## MEMORANDUM OPINION

Pending before the court are the defendant's motion for summary judgment (doc. 12), evidence and a brief in support of said motion (doc.13), the plaintiff's response to said motion (doc. 20), the defendant's reply (doc. 21), and the plaintiff's motion for summary judgment (doc. 14), brief and evidence in support of that motion (docs. 15 and 16), the defendant's response in opposition (doc. 18), and the plaintiff's reply (doc. 19). Having considered said pleadings, the court finds as follows:

## FACTUAL BACKGROUND

The plaintiff brings claims pursuant to 42 U.S.C. § 1983 and state law concerning his payment of outstanding parking tickets to the City of Birmingham, Alabama. The plaintiff received a notice dated April 28, 2008, that he owed $1,030.00 in parking fines. Plaintiff exhibit 1 (doc. 16-2), at 3. That notice further informed the plaintiff that he had 24 hours to make payment or to make arrangement for payments. *Id*. It stated that unless the plaintiff notified the sender that he

contested the debt within 30 days of receipt of the letter, the debt would be assumed valid.  *Id.*  The evidence establishes that the parking tickets are dated between December 18, 2001, and June 9, 2004.[1] Defendant exhibit 5.

Meanwhile, on April 22, 2008, the City of Birmingham approved an amnesty program for payment of unpaid parking fines and minor traffic tickets, in which no additional fines or threats of arrest would issue for outstanding fines paid during the month of July 2008.  Defendant exhibit 1.  This program was so successful it was extended through the end of August 2008.  Defendant exhibit 2.

At deposition, the plaintiff stated that he did not pay the tickets prior to 2008 because they were issued to his daughter's car, although the car was registered to him. Plaintiff depo. at 12.  He assumed his daughter took care of the tickets.  *Id*. at 14, 17. He then learned from his wife about the letter regarding payment because she was concerned plaintiff would get in trouble.  *Id*. at 14.  The plaintiff's wife told him there was an amnesty program for paying outstanding tickets.  *Id*. at 10.  He personally never saw anything in the press about the amnesty period.  *Id*.  The plaintiff went and paid the tickets.  *Id*. at 17-18.  He did not contest the tickets, he did not say he was not driving the car when the tickets were issued, he did not ask to see a judge, and he did

---

[1]The evidence establishes only $125.00 in outstanding parking fines.  No explanation as to the difference between this amount and the amount on the April 28, 2008, notice has been provided, but neither side has contested the amount claimed due by defendant, nor the amount actually paid by the plaintiff.

2

not know how many tickets he was actually paying.  *Id*. at 18-19, 26.  He wrote a check for $510.00 on August 25, 2008.  Plaintiff exhibit F (doc. 16-2), at 17.

Based on these facts, the plaintiff filed suit in the Circuit Court of Jefferson County, Alabama, in a complaint styled as a class action, for unjust enrichment (Count I); money had and received (Count II); violations of 42 U.S.C § 1983 (Count III); and declaratory and injunctive relief (Count IV).   The defendant removed the case here based on plaintiff's assertion of claims arising under the laws of the United States.

## II. STANDARD OF REVIEW

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986).  An issue is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case.  It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir.1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct.

1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

### III. LEGAL ANALYSIS

The court first considers plaintiff's federal claim, namely that defendant's actions in "coercing collection of fines in excess of one year, with the threat of additional penalties, warrant and arrest, when such action was time barred under Ala.Code § 15-3-2 (1975), has violated, and continues to violate, the rights, under the Constitution, of Plaintiff...." Complaint, ¶ 28. The plaintiff seeks a refund, with

4

interest, costs and attorney's fees.  Complaint, pg. 7.  The plaintiff styles this claim as "Violations of 42 U.S.C. § 1983."  *Id.*

While any constitutional claim alleged by plaintiff must be brought pursuant to 42 U.S.C. § 1983, section 1983 creates no substantive rights, but is merely a mechanism for vindicating federal rights elsewhere created.  *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (citing *Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979)).  In other words, there must be an underlying constitutional right violated in order for the plaintiff to proceed pursuant to § 1983.  The plaintiff fails to plead any constitutional right to not pay outstanding parking tickets in his complaint.  Nor could he identify any in his deposition.  Plaintiff depo. at 26-27.  However, in his brief in support of his motion for summary judgment, the plaintiff states that the due process clause of the Fourteenth Amendment "guarantees procedural fairness in the context of any deprivation of life, liberty, or property by a governmental entity."[2]  Plaintiff's brief at 12-13.  That being the only reference to any specific constitutional right, the court thus conducts an analysis of whether, considering the evidence in the light most favorable to the plaintiff, the plaintiff has created a genuine issue of material fact in his favor on the issue of a procedural due process violation.   The answer is no.

---

[2]*See also* plaintiff's brief in response to defendant's motion for summary judgment (doc. 20, at 3), stating same.

5

Considering the plaintiff's claim in the context of a violation of his procedural due process rights, the plaintiff fails to set forth any manner in which his procedural due process rights were violated.   While the plaintiff asserts that if tickets were not paid within the amnesty time frame, violators would be arrested, the plaintiff testified in his deposition that he had no knowledge of the amnesty program.  Plaintiff depo. at 9-10.  He testified that he was prompted by his wife to pay the tickets and that he never saw or heard anything in the press.[3]  *Id*.

To prevail upon his procedural due process claim, the plaintiff must establish: (1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation. *Bank of Jackson County v. Cherry*, 980 F.2d 1354, 1357 (11th Cir.1992) citing  *Lehr v. Robertson*, 463 U.S. 248, 256, 103 S.Ct. 2985, 2990-91, 77 L.Ed.2d 614 (1983); *Greenholtz v. Inmates of the Nebraska Penal and Correction Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); *Board of Regents v. Roth*, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972).   Assuming the plaintiff could satisfy the first two prongs of this test, he has wholly failed to allege any constitutional inadequacy of procedures accompanying the deprivation.  Procedural due process requires only notice and an

---

[3]Plaintiff relies on his exhibits A and D in support of his argument that he paid these tickets because of the threat of arrest.  One of those was the actual ordinance adopted by the defendant, the other one is a press release.  Given plaintiff's testimony, the court finds the plaintiff could not have felt threatened by the content of either of those documents.

opportunity to be heard.  *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d (1976).  In his deposition, the plaintiff testified he did nothing to contest payment of the parking tickets.  As such, the court can find no governmental action which caused a deprivation of his rights to do so.[4]

In addition to his failure to allege any inadequacy of pre-deprivation procedures, the court finds that plaintiff further failed to allege the absence of adequate post-deprivation state law remedies.  *See e.g., Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir.2000) ("This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora--agencies, review boards, and state courts" before being subjected to a claim alleging a procedural due process violation"(citations omitted)).  "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Watts v. Florida Intern. University,* 495 F.3d 1289, 1294 (11th Cir.2007); citing *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th

---

[4]This failure disposes of plaintiff's claim that he could not be prosecuted for the parking tickets because they had been issued more than twelve months prior. According to the plaintiff's argument, the defendant's failure to "prosecute" him within twelve months of receipt of the ticket barred the defendant from ever collecting on the ticket, based on a statute of limitations for misdemeanors. *See e.g.*, plaintiff's reply (doc. 19) at 1-2. Under this logic, if the defendant fails to issue an arrest warrant for outstanding parking tickets within one year of receipt of the ticket, it is forever barred. Aside from ignoring the fact that receipt of the ticket, in and of itself, would constitute commencement of a prosecution, the plaintiff did not pursue this theory in the courts of the state.

Cir.1994).  It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim. *See Cotton,* 216 F.3d at 1330; *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir.1999).  If state courts provide adequate procedures, then there is no federal procedural due process violation regardless of whether the plaintiff has taken advantage of the state remedy or attempted to do so.  *See Horton v. Bd. of County Commissioners of Flagler County*, 202 F.3d 1297, 1300 (11th Cir.2000) ("The *McKinney* rule .... does not look to the actual involvement of state courts or whether they were asked to provide a remedy in the specific case now before the federal court.  Instead, the *McKinney* rule looks to the existence of an opportunity-to whether the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered.").

The plaintiff has not alleged that the state law procedures are inadequate.  The City of Birmingham created a program for the payment of unpaid parking tickets, during which the City suspended its right to issue warrants or effectuate arrests for parking and other non-moving violations.[5]  Under Alabama law, the plaintiff had the

---

[5]A similar set of facts was presented in *Armstrong v. Mayor and Alderman of City of Savannah*, 296 S.E.2d 690 (Ga.1982).  While that case is not binding on this court, the court's observation there is quite accurate:

We note at the outset that the parking of an automobile in an unrestricted location is not a right protected by either the Federal Constitution, *Covington v. City of Raleigh*, 531 F.2d 220 (4th Cir.1976) or by State law. "The use of the streets for the purpose of parking automobiles is a privilege and not a right, and the privilege of parking must be accepted with such reasonable burdens as the city may impose

right to contest the payment of these tickets.  The plaintiff has "failed to state a valid procedural due process claim because [he has] not alleged that Alabama law provided [him] with an inadequate post-deprivation remedy."  *Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir.1996).

Having considered the foregoing, the court is of the opinion that the defendant's motion for summary judgment is due to be granted, and the plaintiff's motion for summary judgment is due to be denied.  Because the court finds that the defendant is entitled to judgment in its favor on plaintiff's sole federal claim, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.  *See e.g., Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1242 (11th Cir.2007).

The court shall therefore Order that judgment be granted in favor of the defendant and against the plaintiff on plaintiff's claim under 42 U.S.C. § 1983.  The plaintiff's state law claims shall be remanded to the Circuit Court of Jefferson County, Alabama, from which they were removed.

**DONE** and **ORDERED** this the 30th day of November, 2009.

_____

INGE PRYOR JOHNSON

U.S. DISTRICT JUDGE

---

as a condition for the enjoyment of that privilege." *Ashley v. City of Greensboro*, 206 Ga. 800, 804, 58 S.E.2d 815 (1950).

*Armstrong*, 296 S.E.2d at 691.